UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

    -against-

PEDRO ESPADA, JR. and
PEDRO GAUTIER ESPADA,

        Defendants.
--------------------------------------------------------x

**MEMORANDUM**
Case No. 10-CR-985

*Appearances:*

| | |
|---|---|
| *For the United States of America:* | *For Pedro Espada, Jr.:* |
| LORETTA E. LYNCH, ESQ. | ANGEL CRUZ, ESQ. |
| United States Attorney | Maldonado & Cruz PLLC |
| Eastern District of New York | 61 Broadway, Suite 1030 |
| 271 Cadman Plaza East | New York, New York 10006 |
| Brooklyn, New York 11201 | |
| | *For Pedro Gautier Espada:* |
| By:   CAROLYN POKORNY, ESQ. | SABRINA SHROFF, ESQ. |
|        TODD KAMINSKY, ESQ. | Federal Defenders of New York |
|        Assistant United States Attorneys | 52 Duane Street, 10th Floor |
| | New York, New York 10007 |

**BLOCK, Senior District Judge:**

        Pedro Espada, Jr. ("Pedro"), was found guilty by a jury of four counts of stealing funds from Soundview Healthcare Network ("Soundview"), an entity receiving federal funds. *See* 18 U.S.C. § 666(a)(1)(A). The jury failed to reach a verdict on the remaining charges, including all charges against Pedro Gautier Espada ("Gautier").[1] Gautier later pleaded guilty to stealing federal funds in violation of another statute, 18

---

[1] The Court's use of first and middle names is for clarity only. No disrespect is intended.

U.S.C. § 641. In addition, both defendants pleaded guilty to tax charges. *See* 26 U.S.C. §§ 7203 (failure to file a tax return), 7206 (filing a false tax return).

At the defendants' respective sentencings, the Court found that the Internal Revenue Service was an identifiable victim of the tax offenses, and ordered restitution accordingly. With respect to the theft offenses, by contrast, the only readily apparent victim—Soundview—had gone out of business. The Court rejected the government's suggestion to order the defendants to pay restitution to the Court pending the identification of the appropriate victim or victims and, instead, entered judgments deferring the determination of restitution to a later date. *See* 18 U.S.C. § 3664(d)(5). It gave the government 60 days to identify a victim or victims.

By letter dated July 30, the government proposed deeming the United States Health Resources and Services Administration ("HRSA") the victim of defendants' theft. Neither defendant responded.

It is true that the United States and its agencies *may* qualify as crime victims entitled to restitution. *See United States v. Ekanem*, 383 F.3d 40, 44 (2d Cir. 2004). To be so entitled, however, the agency must have been "directly and proximately harmed as a result of the commission of an offense." 18 U.S.C. § 3663A(a)(2). In *Ekanem*, the defendant was charged with theft and misapplication of federal funds. *See* 383 F.3d at 41. Because the defendant argued only that the United States did not fall within the statutory definition of "victim," the circuit court did not address whether his crimes had "directly and proximately harmed" the United States. Nevertheless, the obvious victim of theft and related crimes is the rightful owner of the funds stolen.

Like Ekanem, Gautier was convicted of stealing federal funds. The source of those funds—HRSA—is an identifiable victim of that theft.

Pedro, by contrast, was convicted of stealing funds from *Soundview*. Although Soundview's *receipt* of federal funds provided the jurisdictional hook for the prosecution, it was undisputed that the funds legitimately belonged to Soundview at the time of the theft.[2]

The government cites two district-court cases — *United States v. Emor*, 850 F. Supp. 2d 176 (D.D.C. 2012), and *United States v. Kamuvaka*, 719 F. Supp. 2d 469 (E.D. Pa. 2010) — in which a United States agency was found to be a victim of theft from another entity. In both cases, however, the actual charge of conviction was fraud, not theft. *See Emor*, 850 F. Supp. 2d at 179-80 ("[The defendant] pled guilty . . . to a single count of wire fraud."); *Kamuvaka*, 719 F. Supp. 2d at 470 ("[A] Grand Jury returned an Indictment that in twenty-one counts charged eight defendants with multiple counts of wire fraud . . . and health care fraud . . . .").

The Court agrees that a United States agency who paid funds to an entity under fraudulent pretenses would be "directly and proximately harmed" by the fraud. But, as noted, the government never questioned Soundview's entitlement to the funds it received from HRSA.

In sum, the Court concludes that HRSA is not a "victim" of Pedro's theft

---

[2]Like his father, Gautier was originally charged with stealing from an entity receiving federal funds. Why his plea agreement changed the charge to theft of federal funds is not reflected in the record.

because (1) the funds in question were the property of Soundview, not HRSA, at the time of the theft, and (2) Soundview did not obtain the funds from HRSA through fraud. Amended judgments reflecting the Court's rulings will be entered contemporaneously with this memorandum.

**SO ORDERED.**

       /S/ Frederic Block  
FREDERIC BLOCK
Senior United States District Judge

November 13, 2013
Brooklyn, New York